United States District Court
for the
Southern District of Florida

| | |
|---|---|
| AIX Specialty Insurance Company, Plaintiff, | ) ) ) |
| v. | ) ) ) |
| Members Only Management, LLC, d/b/a Trapeze, and Yonathan Benyamin, as personal representative of the Estate of Benyamin Benyamin, Defendants. | ) Civil Action No. 18-60471-Civ-Scola ) ) ) ) ) ) |

**Order Denying Motion for Default Judgment**

This matter is before the Court upon Plaintiff AIX Specialty Insurance Company's ("AIX Specialty") motion for default judgment as to Defendant Yonathan Benyamin ("Benyamin"), as personal representative of the Estate of Benyamin Benyamin (ECF No. 26). The Clerk of the Court entered a default as to Benyamin under Federal Rule of Civil Procedure 55(a) on June 19, 2018. (ECF No. 25.) Upon review of AIX Specialty's motion, the record, and the relevant legal authorities, the Court **denies** the motion **without prejudice** (**ECF No. 26**).

A "defendant, by [its] default, admits the plaintiff's well-pleaded allegations of fact," as set forth in the operative complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). "Although facts are admitted as true, conclusions of law are not; a sufficient basis must still exist in the pleadings to state a claim before a court may enter a default judgment." *Under Armour, Inc. v. 51nfljersey.com*, No. 13–62809–CIV, 2014 WL 1652044, at *4 (S.D. Fla. Apr. 23, 2014) (Rosenbaum, J.).

This case arises from a wrongful death action filed in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida by Benyamin against Members Only Management, LLC, d/b/a Trapeze ("Members Only") and Yudith Khouri. *See Benyamin v. Khouri*, No. 17-008602. AIX Specialty filed the present suit against Members Only and Benyamin seeking a declaration from the Court that it does not have a duty to defend or to indemnify Members Only or any other purported insured in the underlying state-court action based on an insurance policy it issued to Members Only.

AIX Specialty has made no attempt to explain why the Court should

enter default judgment as to Benyamin at this time. And, upon the Court's review of the Complaint, there are no specific allegations regarding what relief AIX Specialty seeks with regards to Benyamin or any indication that Benyamin is an insured or beneficiary of the policy AIX Specialty issued to Members Only.

The Court is aware that the Supreme Court and Eleventh Circuit precedent indicate that "absent state law to the contrary, a case or controversy exists between an injured party not party to an insurance contract and an insurer in a declaratory judgment action instituted by the insurer which names the injured party as a defendant." *Monticello Ins. Co. v. Dynabilt Mfg. Co.*, No. 605CV548ORL19DAB, 2005 WL 3019241, at *2 (M.D. Fla. Nov. 10, 2005) (citing *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, (1941) and *Dairyland Ins. Co. v. Makover*, 654 F.2d 1120, 1123 (5th Cir. 1981)). Florida law does not appear to preclude such a finding. *See id.* Nonetheless, the Complaint does not seem to present any request for relief as to Benyamin. The Court will not guess or attempt to piece together the allegations necessary to support AIX Specialty's claim against Benyamin to enter default judgment.

The Court also cautions AIX Specialty that if it is attempting to have this Court declare that it does not have a duty to defend or indemnify Benyamin, then there may be a possibility of inconsistent liability between the Defendants. *See, e.g., Frow v. De La Vega*, 82 U.S. 552, 554 (1872). "Courts have recognized that in certain circumstances a default judgment is inappropriate if it results in inconsistency among judgments." *Glob. Aerospace, Inc. v. Platinum Jet Mgmt., LLC*, No. 09-60756-CIV, 2009 WL 3400519, at *4 (S.D. Fla. Oct. 20, 2009) (Cohn, J.) (quoting *Marshall & Ilsley Trust Co. v. Pate*, 819 F.2d 806, 811 (7th Cir. 1987)). The Court has yet to decide whether AIX Specialty's policy requires it to defend or indemnify Members Only, and a declaration that there is *no* coverage as to Benyamin could create an inconsistent judgment if the Court were to decide that there *is* coverage as to Members Only. *See N. Assurance Co. of Am. v. Bayside Marine Constr., Inc.*, No. CV 08-0222-KD-B, 2008 WL 11395510, at *2 (S.D. Ala. Nov. 20, 2008) ("[B]ecause Sulzer, BMC and GISCO may assert the same or similar defenses to the declaratory judgment action and because the relief sought is the same as to all—a declaration that there is no coverage under the policy, should default be entered against Sulzer there is the possibility of inconsistent judgments should the court later rule in favor of the remaining defendants BMC and GISCO."). "[C]ourts routinely withhold default judgments declaring that an insurance policy is inapplicable until the claims against the defendants who appear in the action are adjudicated." *Glob. Aerospace, Inc.* 2009 WL 3400519, at *5.

Accordingly, the Court **denies** AIX Specialty's motion (**ECF No. 26**) **without prejudice**. In order to resolve this issue justly and efficiently, AIX

Specialty may refile its motion for default judgment on or before **November 5, 2018**. In its renewed motion, AIX Specialty must explain how the allegations in the Complaint present a claim for relief as to Benyamin and support the Court entering default judgment as to Benyamin. AIX Specialty shall also submit proposed orders granting its motion for default judgment and entering final judgment. Pursuant to the CM/ECF Administrative Procedures, the proposed orders shall be submitted to the Court by e-mail in Word (.doc) format at scola@flsd.uscourts.gov. AIX Specialty must also send a copy of the motion to Benyamin's counsel or directly to Benyamin if he does not have counsel. In the certificate of service, AIX Specialty shall indicate that notice was sent and the address(es) where the notice was sent.

If, however, AIX Specialty believes there is a possibility of inconsistent liability between the Defendants, it shall file a notice of joint liability by **November 5, 2018**. The notice must briefly describe the relevant allegations, advise the Court of the status of Members Only's liability, and inform the Court why there is a possibility of inconsistent liability. If AIX Specialty files this notice, once liability is resolved as to Members Only, AIX Specialty can move for the entry of default judgment against Benyamin no later than 14 days after the resolution of liability as to Members Only.

The Court directs the Clerk to **mail copies of this order** to Benyamin at the addresses listed below.

**Done and ordered** in chambers, at Miami, Florida, on October 25, 2018.

_____
Robert N. Scola, Jr.
United States District Judge

*Copies to:*

Yonathan Benyamin
7378 Pine Walk Dr. South,
Margate, FL 33063

Yonathan Benyamin
4026 Inverrary Boulevard, Apt. 1101
Lauderhill, FL 33319-4321

Yonathan Benyamin
6744 Sienna Club Drive
Fort Lauderdale, FL 33319-7329