United States District Court
for the
Southern District of Florida

| | |
|---|---|
| AIX Specialty Insurance Company, Plaintiff, | ) ) ) |
| v. | ) ) ) |
| Members Only Management, LLC, d/b/a Trapeze, and Yonathan Benyamin, as personal representative of the Estate of Benyamin Benyamin, Defendants. | ) Civil Action No. 18-60471-Civ-Scola ) ) ) ) ) ) |

**Order on Motion to Dismiss**

This matter comes before the Court upon Defendant Members Only Management, LLC, d/b/a Trapeze's ("Members Only") motion to dismiss (ECF No. 16) Plaintiff AIX Specialty Insurance Company's ("AIX Specialty") Complaint (ECF No. 1). Upon review of the record, the parties' briefs, and the relevant legal authorities, the Court **denies** Members Only's motion to dismiss (**ECF No. 16**).

I.   **Background**

This case arises from a wrongful death action filed in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. *See Benyamin v. Khouri*, No. 17-008602. The operative underlying state-court complaint was filed by Yonatan Benyamin ("Benyamin"), as personal representative of the Estate of Benyamin Benyamin,[1] against Members Only and Yudith Khouri. The underlying state-court case stems from a drunk-driving accident that cost Benyamin Benyamin, and his wife, Zafrit Ruvio, their lives.

Benyamin alleges in the underlying suit that Members Only, a club in Tamarac, Florida, "knowingly, negligently, and willfully served, or furnished alcoholic beverages" to Khouri, even though it knew she was "habitually addicted to the use of alcohol," in violation of Florida Statute § 768.125. (Underlying Am. Compl., ECF No. 1-2 at ¶ 44.) Khouri then drove Benyamin

---
[1] The Court notes that Benyamin's first name is spelled "Yonatan" in the state-court amended complaint, but is spelled "Yonathan" in this action. However, the Court finds this discrepancy immaterial.

Benyamin and his wife in her vehicle while intoxicated. (*See id.* at ¶¶ 32–33, ¶¶ 35–36.) Khouri eventually lost control of the vehicle and caused a collision with another vehicle. (*See id.* at 35, 38.) The two passengers ultimately died as a result. (*Id.* at ¶¶ 41–43.) Benyamin asserts that Members Only and Khouri are liable for Benyamin Benyamin's death. (*See id.* at ¶¶ 49, 53.)

On March 5, 2018, AIX Specialty filed the present suit against Members Only and Benyamin seeking a declaration from the Court that it does not have a duty to defend or to indemnify Members Only in the underlying state-court action based on an insurance policy it issued to Members Only. AIX Specialty contends that two provisions, the Absolute Liquor Liability Exclusion and the Limitation of Coverage to Designated Premises or Project provision, preclude coverage for Members Only and any purported insured with respect to the underlying state-court action. (*See, e.g.*, Compl., ECF No. 1 at ¶ 23.)

Members Only moves to dismiss the Complaint because it contends that no justiciable controversy exists. It also submits that the Court should strike certain references from the Complaint.

## II. Legal Standard

Because Members Only essentially argues that this Court lacks jurisdiction to provide relief in this case, the Court will treat the motion to dismiss as a motion under Federal Rule of Civil Procedure 12(b)(1). Attacks on subject-matter jurisdiction under Rule 12(b)(1) come in two forms: "facial attacks" and "factual attacks." *Lawrence v. Dunbar,* 919 F.2d 1525, 1528–29 (11th Cir. 1990). Members Only appears to be presenting a "facial attack."

Facial challenges to subject-matter jurisdiction are based solely on the allegations in the complaint, which "are taken as true for the purposes of the motion." *Id.* at 1529 (citation omitted). Courts look only at the face of the complaint to "determine whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction." *Scelta v. Delicatessen Support Servs., Inc.*, No. 98–2578–CIV–T–17B, 1999 WL 1053121, at *4 (M.D. Fla. Oct. 7, 1999). The Court may also consider exhibits attached to the complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

## III. Analysis

Upon a request for a declaratory judgment, a federal court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). A declaratory judgment can resolve an actual case or controversy as

contemplated in Article III of the United States Constitution. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). In the declaratory action context, the Supreme Court has "required that the dispute be definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.* (alterations and citations omitted). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

Members Only appears to argue at once that AIX Specialty's duty to defend claim is moot because AIX Specialty has effectively conceded coverage by defending Members Only under a reservation of rights and that the claim is not ripe because the Court needs additional facts to determine whether the exclusions relied upon by AIX Specialty in its Complaint relieve it of its duty to defend. The Court finds neither argument persuasive.

First, it is common practice for insurance companies to defend its insured in a lawsuit under a reservation of rights. Proceeding under a reservation of rights, in and of itself, is not a concession of coverage. Nor is there any indication from the Complaint that AIX Specialty has conceded that it has a duty to defend Members Only in the underlying suit. In fact, AIX Specialty asserts that it "believes and contends that coverage is excluded to Members Only and all purported insured under the subject policy for the claims asserted in the Underlying Litigation." Compl., ECF No. 1 at ¶ 23. In this regard, the case Members Only relies on, *National Fire & Marine Insurance Company v. Palm Springs General Hospital, Inc.*, No. 16-61852, 2016 WL 10587943 (S.D. Fla. Oct. 28, 2016) (Dimitrouleas, J.), is distinguishable. In that case, the insurer-plaintiff had conceded that it had the duty to defend certain claims asserted against one of the defendants in the underlying case, so the district court found that it had a duty to defend all of the claims in the underlying action. *Id.* at *3. No such concession has been made by AIX Specialty here.

Accordingly, The Court rejects Members Only's argument that AIX Specialty has presented a moot claim. AIX Specialty's decision to defend Members Only under a reservation of rights and expressing doubt as to its obligations does not preclude this Court from deciding whether AIX Specialty actually has a duty to defend. *See Accident Ins. Co. v. Greg Kennedy Builder, Inc.*, 159 F. Supp. 3d 1285, 1293 n.4 (S.D. Ala. 2016) ("The defendants have

not explained (and the Court cannot) their odd position that an insurer with the power and the desire to cease providing a defense fails to present an actual controversy when it seeks a declaration that it owes no duty to defend.").

Further, Members Only mistakenly believes that the Court needs additional facts to decide whether AIX Specialty has a duty to defend Members Only in the underlying litigation. Under Florida law, which applies in this diversity action, "the determination of an insurer's duty to defend falls under the so-called 'eight corners rule,' the name of which refers to the four corners of the insurance policy and the four corners of the underlying complaint." *Addison Ins. Co. v. 4000 Island Boulevard Condo. Ass'n*, 721 F. App'x 847, 854 (11th Cir. 2017). Consequently, an insurer must defend the insured "when the complaint alleges facts that fairly and potentially bring the suit within policy coverage," regardless of the true facts and merits of the underlying case. *Id.* (quoting *Jones v. Fla. Ins. Guar. Ass'n, Inc.*, 908 So. 2d 435, 442–43 (Fla. 2005)). "Under Florida law, the general rule is that an insurance company's duty to defend an insured is determined solely from the allegations in the complaint against the insured, not by the true facts of the cause of action against the insured, the insured's version of the facts or the insured's defenses." *State Farm Fire & Cas. Co. v. Steinberg*, 393 F.3d 1226, 1230 (11th Cir. 2004). Therefore, this Court does not need additional facts to determine whether AIX Specialty has the duty to defend in the underlying case.

The Court finds no reason to dismiss AIX Specialty's duty to defend claim. Courts in similar situations have come to the same conclusion. *See Smithers Const., Inc. v. Bituminous Cas. Corp.*, 563 F. Supp. 2d 1345, 1349 (S.D. Fla. 2008) (Moore, J.) ("[T]his Court will retain jurisdiction over the duty to defend and indemnification issues. However, until the Underlying Liability Action is resolved, this court will only address Bituminous' duty to defend Smithers in the Underlying Liability Action."); *Tower Ins. Co. of N.Y. v. Rainbow Granite & Marble, Inc.*, No. 10-60052-CV, 2010 WL 1740700, at *2 (S.D. Fla. Apr. 29, 2010) (Cohn, J.) ("Thus, there is no basis to dismiss the present Petition with regard to resolving the duty to defend issue.").

As for AIX Specialty's duty to indemnify, Members Only contends that this claim should be dismissed because it would be premature for the Court to determine whether AIX Specialty has a duty to indemnify Members Only. The Court agrees that it cannot yet decide whether AIX Specialty has the duty to indemnify but disagrees that dismissal is warranted. Whether an insurer has a duty to indemnify is generally based on the facts of the underlying case, *Fletcher v. Great Am. Ins. Co.*, No. 3:09-CV-00324-J-25JRK, 2010 WL 11507553, at *3 (M.D. Fla. Sept. 21, 2010), which have yet to be determined in the underlying state-court action. Moreover, if this Court finds that AIX

Specialty has no duty to defend, then AIX Specialty will also have no duty to indemnify. *See Evanston v. Heeder*, 490 F. App'x 215, 217 (11th Cir. 2012) ("The duty to defend is broader than the duty to indemnify. Accordingly, where an insurer has no duty to defend, it has no duty to indemnify."). Therefore, the Court will not consider whether AIX Specialty has a duty to indemnify Members Only until the earlier of **(a)** final disposition of the underlying state-court action, or **(b)** a ruling by this Court as to AIX Specialty's duty to defend, at which time the Court will entertain any motion that the parties may wish to file concerning AIX Specialty's duty to indemnify.

Lastly, the Court denies Members Only's request that the Court strike certain allegations from the Complaint, and in particular Paragraph 13. (*See* Mot., ECF No. 16 at 1, n.1.) Members Only has provided no legal basis for its request and the Court finds no reason to strike Paragraph 13, or any other allegation, from the Complaint, at this time.

### IV. Conclusion

For the reasons stated above, the Court **denies** Members Only's motion to dismiss (**ECF No. 16**). The Court orders Members Only to **answer** the Complaint on or before **November 8, 2018**.

**Done and ordered** in chambers, at Miami, Florida, on October 25, 2018.

_____
Robert N. Scola, Jr.
United States District Judge