United States District Court
for the
Southern District of Florida

| | |
|---|---|
| AIX Specialty Insurance Company, Plaintiff, <br><br> v. <br><br> Members Only Management, LLC, d/b/a Trapeze, and Yonathan Benyamin, as personal representative of the Estate of Benyamin Benyamin, Defendants. <br><br> v. <br><br> Stirling Insurance Services, Inc. and Terry R. Sgammato, Third Party Defendants | Civil Action No. 18-60471-Civ-Scola |

## Order Dismissing Third Party Complaint

This matter comes before the Court upon Third-Party Defendants Stirling Insurance Services, Inc. and Terry R. Sgammato's motion to dismiss, or in the alternative stay, third-party complaint (ECF No. 38). Upon review of the record, the parties' briefs, and the relevant legal authorities, the Court **dismisses** the Third-Party Complaint (**ECF No. 38**) as premature.

### I. Background

This case arises from a wrongful death action filed in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. *See Benyamin v. Khouri*, No. 17-008602. The underlying state-court complaint was filed by Yonatan Benyamin ("Benyamin"), as personal representative of the Estate of Benyamin Benyamin, against Members Only and Yudith Khouri. The underlying state-court case stems from a drunk-driving accident that cost Benyamin Benyamin, and his wife, Zafrit Ruvio, their lives.

Benyamin alleges in the underlying suit that Members Only, a club in Tamarac, Florida, "knowingly, negligently, and willfully served, or furnished alcoholic beverages" to Khouri, even though it knew she was "habitually addicted to the use of alcohol," in violation of Florida Statute § 768.125. (Underlying Am.

Compl., ECF No. 1-2 at ¶ 44.) Khouri then drove Benyamin Benyamin and his wife in her vehicle while intoxicated. (*See id.* at ¶¶ 32–33, ¶¶ 35–36.) Khouri eventually lost control of the vehicle and caused a collision with another vehicle. (*See id.* at 35, 38.) The two passengers ultimately died as a result. (*Id.* at ¶¶ 41–43.) Benyamin asserts that Members Only and Khouri are liable for Benyamin Benyamin's death. (*See id.* at ¶¶ 49, 53.)

On March 5, 2018, AIX Specialty, Members Only's insurance carrier, filed the present suit against Members Only and Benyamin seeking a declaration from the Court that it does not have a duty to defend or to indemnify Members Only in the underlying state-court action based on an insurance policy it issued to Members Only. AIX Specialty contends that two provisions, the Absolute Liquor Liability Exclusion and the Limitation of Coverage to Designated Premises or Project provision, preclude coverage for Members Only with respect to the underlying state-court action. (*See* Compl., ECF No. 1 at ¶ 23.)

Members Only then filed a third-party complaint against Stirling Insurance Services, Inc. and Terry Sgammato as its insurance agents for failure to procure adequate insurance coverage, breach of contract, breach of fiduciary duty, and negligence. (ECF No. 29.) The third-party defendants move to dismiss or in the alternative, stay the third-party complaint as premature.

## II. Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing the legal sufficiency of a complaint's allegations, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must . . . contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Bell Atlantic Corp*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted) (citing *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### III. Analysis

The third-party defendants move to dismiss Members Only's third-party complaint as premature because the Court has not yet ruled on the underlying declaratory judgment action to determine whether AIX Specialty owes Members Only coverage. (ECF No. 38 at 5.) The third-party defendants rely on *Blumberg v. USAA Casualty Ins. Co.*, 790 So. 2d 1061 (Fla. 2001) and its progeny, which hold that "[u]nder Florida law, claims against an insurance agent for failing to procure coverage do not accrue until the underlying action between the insured and insurance company regarding coverage has been resolved." *Witkin Design Group, Inc. v. Travelers Property Casualty Co. of Am.*, No. 16-20484, 2016 WL 1572964, at *2 (S.D. Fla. April 18, 2016) (Moreno, J.). Members Only, in its response, argues that the reasoning in *Blumberg* does not apply to the facts of this case.

In *Blumberg*, the insured sued his insurer for breach of contract and promissory estoppel after the insurer denied coverage. 790 So. 2d at 1062. The trial court directed a verdict in favor of the insurance company. *Id.* at 1066. The promissory estoppel count went to the jury but the jury only awarded the insured $25,000. *Id.* Before judgment was entered, the insured dismissed his suit against the insurer with prejudice and then sued his agent for failure to procure insurance. *Id.* at 1063. The agent raised a statute of limitations defense and the insured argued that his claim did not accrue until the court denied coverage. *Id.* at 1063. The court agreed with the insured and held that "a negligence/malpractice cause of action accrues when the client incurs damages at the conclusion of the related or underlying judicial proceedings or, if there are no related or underlying judicial proceedings, when the client's right to sue in the related or underlying proceeding expires." *Id.* at 1065. If a negligence action is filed prior to the coverage determination, "the defense can move for an abatement or stay of the claim on the ground that the negligence/malpractice action has not yet accrued." *Id.*

Members Only argues that the *Blumberg* analysis does not apply because Members Only "has not asserted inconsistent coverage positions in separate actions." (ECF No. 41 at 5.) However, the district courts have applied the *Blumberg* analysis to cases similar to the one at bar. *See, e.g., Witkin Design Group, Inc.* 2016 WL 1572964 at *3; *Great Am. Assurance Co. v. Ride Solutions*

*Inc.*, No. 16-cv-372-J-32JBT, 2017 WL 78645, at *2 (M.D. Fla. Jan. 9, 2017); *Landmark Am. Ins. Co. v. Moulton Properties, Inc.*, No. 3:05cv401, 2006 WL 2038554, at *2 (N.D. Fla. July 19, 2006). In *Great Am. Assurance Co. v. Ride Solutions, Inc.*, the Plaintiff insurance company filed a declaratory judgment action against the defendant insured claiming that the policy lapsed prior to the accident. 2017 WL 78645 at *2. The defendant then brought a third-party complaint against the agent responsible for procuring his insurance. *Id.* Citing to *Blumberg*, the court dismissed the third-party complaint without prejudice holding that the third-party complaint was "premature because the Court has not yet ruled on the underlying declaratory judgment action and decided whether [plaintiff] owes [defendant] coverage." *Id.* at *2. The court explained that the insured has to maintain inconsistent coverage positions. "If he is successful [in the main lawsuit], then he is covered under the policy and will have suffered no damages due to any alleged negligence by [the agent]. Conversely, if he loses the case against [the insurer], then he will have suffered damages and may file a lawsuit against the [insurance agent]. *Id.*

The Court finds that this analysis applies here. Members Only must maintain inconsistent positions if the third-party complaint is allowed to proceed. In the main suit against AIX Specialty, Members Only must maintain the position that it is *covered* under its policy with AIX Specialty, while simultaneously asserting that their insurance agents (third-party defendants) negligently procured insurance because the policy *does not cover* Members Only. Furthermore, if the Court finds that AIX Specialty has a duty to indemnify Members Only under the policy, Members Only has no claim against the third-party defendants. Therefore, Members Only's claims against third-party defendants may never ripen. Where the "mere passage of time is insufficient to cure the premature aspect" of the claims, dismissal without prejudice is appropriate. *See Allstate Ins. Co. v. Richard Zehr Constr., Inc.*, No. 06-cv-407-T-27MSS, 2006 WL 2850438, at *2 (M.D. Fla. Oct. 3, 2006) (holding that the passage of time would not correct the premature nature of defendant's third-party claim and dismissing complaint); *Hernandez v. Infinity Indemnity Ins. Co.*, 44 F. Supp. 3d 1220 (S.D. Fla. 2014) (Moore, J.) (dismissing breach of contract and negligence claims against insurance agent because time would not correct premature nature of claims).

### IV.  Conclusion

For the reasons stated above, the Court **grants** the third-party defendants' motion to dismiss the third-party complaint (**ECF No. 38**). The third-party complaint is dismissed **without prejudice**.

The third-party defendants' motion for extension of time (**ECF No. 61**) and motion for summary judgment (**ECF No. 73**) are **denied** as moot.

**Done and ordered** in chambers, at Miami, Florida, on March 26, 2019.

Robert N. Scola, Jr.
United States District Judge