United States District Court
for the
Southern District of Florida

| | |
|---|---|
| AIX Specialty Insurance Company,<br>Plaintiff,<br><br>v.<br><br>Members Only Management, LLC,<br>d/b/a Trapeze, and Yonathan<br>Benyamin, as personal<br>representative of the Estate of<br>Benyamin Benyamin, Defendants. | Civil Action No. 18-60471-Civ-Scola |

**Opinion Order on Defendant's Motion for Summary Judgment**

This matter comes before the Court upon Plaintiff AIX Specialty Insurance Company's motion for summary judgment. (ECF No. 52.) Defendant Members Only Management filed a response (ECF No. 65), and Plaintiff replied (ECF No. 72). After reviewing the parties' written submissions, the record, and the applicable law, the Court **grants** the Plaintiff's motion for summary judgment. (**ECF No. 52**.)

**I.   Background**

This case arises from a wrongful death action filed in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. *See Benyamin v. Khouri,* No. CACE 17-008602. The underlying state-court action was brought by Yonatan Benyamin ("Benyamin"), as personal representative of the Estate of Benyamin Benyamin, against the plaintiff in this case, Members Only Management, LLC, d/b/a Trapeze's ("Members Only"), and Yudith Khouri. The original underlying state-court complaint was filed on November 30, 2017. The underlying state-court case arises from a drunk-driving accident that cost Benyamin's father, Benyamin Benyamin, and his wife, Zafrit Ruvio, their lives.

In the original underlying state-court complaint, Benyamin alleges that Members Only, a club in Tamarac, Florida, "knowingly, negligently, and willfully served, or furnished alcoholic beverages" to Khouri, even though it knew she was "habitually addicted to the use of alcohol," in violation of Florida Statute § 768.125. (Underlying Compl., ECF No. 1-2 at ¶ 44.) Members Only does not sell alcohol but allows its clients to bring their own alcohol. (*Id.* at ¶ 15.) Members Only's employees serve as bartenders and refill drinks and provide ice to clients.

(*Id.* at ¶ 18.) After a night of drinking at Members Only, Khouri drove Benyamin's father and his wife in her vehicle while intoxicated. (*Id.* at ¶¶ 38–40.) Khouri lost control of the vehicle and caused a collision with another vehicle. (*Id.*) Benyamin's father and his wife ultimately died as a result. (*Id.* at ¶¶ 41–43.) Benyamin claims that Members Only is liable for his father's death. (*Id.* at ¶ 49.)

On March 5, 2018, AIX Specialty filed the present suit against Members Only and Benyamin. (ECF No. 1.) AIX Specialty seeks a declaration that it does not have the duty to defend or to indemnify Members Only in the underlying state-court action based on an insurance policy it issued to Members Only.

## II.  **Legal Standard**

Summary judgment is proper if following discovery, the pleadings, depositions, answers to interrogatories, affidavits and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56. In reviewing a motion for summary judgment, the Court must "view the evidence and all factual inferences therefrom in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in favor of the non-movant." *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1247 (11th Cir. 2013) (quoting *Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1143 (11th Cir. 2007)). So, when a conflict arises between the facts presented by the parties, the Court must credit the nonmoving party's version. *Id.* The moving party bears the burden of proof to demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323.

## III.  **Analysis**

### A. Duty to Defend

The complaint in the underlying state court action alleges one count against Members Only for serving alcohol to a person who is known to be habitually addicted to alcohol in violation of Florida Statute § 768.125 (Florida's Dram Shop Law). (ECF No. 1-2 at 7.) In its motion for summary judgment, AIX Specialty contends that it has no duty to defend or indemnify Members Only because the insurance policy's Absolute Liquor Liability Exclusion precludes coverage for claims brought against Members Only for bodily injury caused by alcohol intoxication. (ECF No. 52 at 7.) In response, the Defendant argues that the exclusion is illusory. (ECF No. 65).

Under Florida law, the "duty to defend is determined by examining the allegations in the underlying complaint filed against the insured. An insurer has a duty to defend the insured when the alleged acts of the underlying complaint

fairly and potentially bring the suit within coverage." *Canopius Corp. Capital Two Ltd. v. BKH Corp. of Ft. Pierce, et al.*, No. 12-14207, 2013 WL 12095521, at *2 (S.D. Fla. Feb. 14, 2013) (Moore, J.) (internal citations and quotations omitted). "There is no duty to defend if there is no doubt that the allegations of the complaint do not fall within the policy's coverage." *Doe v. Hudson Speciality Ins. Co.*, 719 Fed. App'x 951, 953 (11th Cir. 2018).

The policy issued to Members Only includes an Absolute Liquor Liability Exclusion. (ECF No. 52-1 at 21.) Under this exclusion, coverage does not apply to:

> "Bodily injury" or "property damage" for which the insured or his indemnitee may be held liable by reason of:
> (1) Causing or contributing to the intoxication of any person;
> (2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or
> (3) Any statute, ordinance, or regulation relating to the sale, gift, distribution or use of alcoholic beverages.
> This exclusion applies to an insured or his indemnitee who:
> (4) Manufactures, sells, or distributes alcoholic beverages; or
> (5) Serves or furnishes alcoholic beverages with or without a charge;
> (6) Permits others to bring alcoholic beverages on your premises, for consumption on your premises.

*Id.* Members Only is an insured who "permits others to bring alcoholic beverages on [its] premises for consumption" and is being sued in the underlying state court action for a violation of a statute. Accordingly, based on the plain meaning of the contract, the Court finds that the exclusion bars coverage under the policy. *See Canopius,* 2013 WL 12095521, at *2 ("In construing an insurance contract, a court must first examine the natural and plain meaning of the policy's language.").

Members Only argues that the exclusion "contradicts the insuring provisions," rendering the policy ambiguous and therefore illusory. (ECF No. 65 at 5-7.) Members Only refers to the "general liability coverage form" which contains a standard liquor liability exclusion. According to Members Only, this section "permits" a person to bring alcoholic beverages onto the premises for consumption. Therefore, the liquor liability exclusion creates an inconsistency. (*Id.* at 7.) The Court disagrees with Members Only's reading of the insurance contract.

The commercial general liability form relied on by Members Only is *expressly modified* by the Absolute Liquor Liability Exclusion. (*Compare* ECF No. 52-1 at 21 *and* 32.) The general form "applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages."

(*Id.* at 32.) However, "permitting a person to bring alcoholic beverages on your premises, for consumption on your premises . . . is not by itself considered the business of selling, serving, or furnishing alcoholic beverages." (*Id.*) First of all, this does not "permit" a person to bring alcoholic beverages onto the insured's property for consumption, as argued by Members Only. Secondly, if this provision were left unamended, the exclusion likely would not apply to Members Only because it may be found that it is not "in the business of" selling alcohol. However, AIX Specialty explicitly amended this part of the contract so that the exclusion would apply if the insured "permits others to bring alcoholic beverages on your premises for consumption on your premises." (*Id.* at 21.) Therefore, the Court finds that the insurance contract is unambiguous and the plain meaning of the liquor liability exclusion bars coverage for claims against Members Only based on violation of a statute relating to the "sale, gift, or distribution or use of alcoholic beverages." *See Catlin Specialty Ins. Co. v. Johnson*, No. 17-01432, 2018 WL 3708554, at *4 (N.D. Ala. Aug. 3, 2018) ("[W]here there is no ambiguity in the terms of an insurance policy, the court must enforce the policy language as written and cannot defeat express provisions in a policy, including exclusions from coverage, by making a new contract for the parties.").

"Florida Courts have routinely upheld liquor liability exclusions[.]" *Canopius*, 2013 WL 12095521 at *3 (collecting cases). Here, the exclusion clearly precludes liability for violation of a statute related to alcohol consumption. *See Certain Underwriters at Lloyd's, London v. Best for Less Food Mart, Inc.*, No. 8:10-cv-688-T-30AEP, 2010 WL 3340550, at *3 (M.D. Fla. Aug. 23, 2010) (holding that insurance company had no duty to defend for violation of Florida's Dram Shop Act where policy exclusion includes liability for violation of "any statute, ordinance, or regulation relating to the sale, gift, distribution or use of alcoholic beverages.") Accordingly, because there is no genuine issue of material fact that the underlying complaint asserts only one cause of action against Members Only for the violation of the Florida Dram Shop Law, AIX Specialty has no duty to defend Members Only under the policy.

### B. Duty to Indemnify

"The above analysis precludes any discussion on the duty to indemnify. Where there is no duty to defend, there is no duty to indemnify." *Canopius,* 2013 WL 12095521 at *4. Because the duty to indemnify is narrower than the duty to defend, there can be no duty to indemnify if there is no duty to defend. *Id. See also First Speciality Ins. Corp. v. Milton Const. Co.*, No. 12-20116, 2012 WL 2912713, at *3 (S.D. Fla. July 16, 2012) (Scola, J.).

### C. Claims against Yonathan Benyamin

Defendant Yonathan Benyamin has not appeared in this case. The Clerk entered default judgment against Benyamin on June 19, 2018. (ECF No. 25.) The Plaintiff moved for default judgment against Benyamin on June 20, 2018. (ECF No. 26.) The Court denied the Plaintiff's motion because there was a possibility of inconsistent judgments if the Court were to enter a judgment that there is *no* coverage as to Benyamin and later determine that there *is* coverage as to Members Only. (ECF No. 43.) The Court's Order also stated that once the issue of liability is resolved as to Members Only, AIX Specialty can move for the entry of default judgment against Benyamin no later than 14 days after the resolution of liability as to Members Only. (*Id.* at 3.) Now that the Court has resolved the issue of liability, AIX Specialty may move for entry of default judgment as to Benyamin.

### IV. Conclusion

The Court therefore **grants** AIX Specialty's motion for summary judgment. (**ECF No. 52**.)

Before the Court can dismiss this case, it must resolve the claims against Defendant Benyamin. Accordingly, AIX Specialty is directed to move for default judgment as to Benyamin within **14 days** of this Order. The Plaintiff's failure to do so will result in dismissal without prejudice of Defendant Benyamin.

**Done and ordered** in chambers, at Miami, Florida, on April 29, 2019.

Robert N. Scola, Jr.
United States District Judge